MARVIN, Judge.
In a boundary action, summary judgment was granted on the issue of the location of a public road in 1860 as the boundary between lands of plaintiff and defendant. Defendant appeals. We reverse.
Plaintiff relies on a 1976 affidavit of an employee of a mineral lessee whose employer leased the lands in question in 1949. In essence, this employee states that for the purpose of determining the boundary and leasing the lands, he obtained in 1949 several items relating to the location in 1869 of the road in question. These items, which are attached to the employee’s 1976 affidavit, were: (1) affidavits of two now-deceased persons (W, born in 1867, and R, born in 1870); (2) a plat and proces verbal of a survey of the lands showing roadbeds in this area; and (3) an original (or preliminary) title opinion and a final title opinion of a lawyer. One other item is an affidavit of defendant relating to acts of possession by plaintiff and his ancestors in title on plaintiff’s lands.
Defendant (born 1882) opposes summary judgment with his affidavit and deposition and the deposition of B (born 1887).
Plaintiff’s items indicate that the road, as it existed in 1869, was changed and moved westerly about 1885. Defendant’s affidavit and depositions indicate the older road before 1885, was a private road and not the public boundary road. Thus, there exists a genuine issue of material fact, precluding summary judgment, C.C.P. 966, 967.
The admissibility of the 1949 items mentioned, made by persons since deceased, in support of the motion for summary judgment, was raised by defendant-appellant. While evidence of reputation of the location of a boundary, upon proper foundation, may be admissible to prove that location,[1] we need not pass on that issue in view of our finding of a material issue of fact.
At plaintiff’s cost, summary judgment is reversed and the case remanded.

. See 1 Conrad, Modem Trial Evidence §§ 313, 314, 315; McCormick on Evidence, 2d Ed., § 324; 11 C.J.S. verbo Boundaries § 106.